IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE AARON GASKIN, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-19-4907 |
| HARRIS COUNTY, ET AL., | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Harris County pretrial detainee proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed this section 1983 lawsuit against Harris County, Texas, and the U.S. Marshals Headquarters in Arlington, Virginia.

Having screened the complaint and supplemental complaint as required by sections 1915 and 1915A, the Court DISMISSES this lawsuit for the reasons explained below.

*Background and Claims*

Plaintiff states that he is a Harris County pretrial detainee at the Harris County Jail awaiting trial on felony charges. He asserts that agents of Harris County signed a warrant for his extradition, and that the U.S. Marshals Service executed the warrant on December 14, 2017, in Atlanta, Georgia.[1] Plaintiff complains that the U.S. Marshals

---

[1] Plaintiff's complaint shows that the applicable two-year statute of limitations commenced on December 14, 2017, the date of the incident. Plaintiff's complaint is postmarked December 11, 2019, such that plaintiff filed this lawsuit three days before limitations expired.

Service used excessive force in arresting him by kicking and tazing him. He contends that Harris County is liable for his injuries along with the U.S. Marshals Headquarters because Harris County issued the extradition warrant and failed to supervise its execution in Atlanta, Georgia.

In his supplemental complaint (Docket Entry No. 8), plaintiff reports that the physical injury he sustained as a result of the alleged excessive force was "a busted lip, bleeding," and that the defendants violated his constitutional rights.

Plaintiff seeks $54 million in compensatory and punitive "treble" damages.

*Analysis*

*Sections 1915, 1915A*

Because plaintiff is a county pretrial detainee who seeks leave to proceed *in forma pauperis* against government agencies, the Court is required to scrutinize the claims and dismiss his complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Harris County*

Plaintiff claims that Harris County is liable for the physical injury he sustained during his arrest in Atlanta, Georgia, because it signed the extradition warrant and failed to supervise its execution.

A plaintiff seeking to impose liability under section 1983 on a municipality such as Harris County must identify a municipal policy or custom that caused his injury. *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by city policymakers." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation and alteration omitted).

To state a colorable claim for municipal liability under section 1983, a plaintiff must identify (a) a policy maker, (b) an official policy or custom or widespread practice, and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff here fails to plead factual allegations meeting these requirements. His claim against Harris County fails to state a viable claim upon which relief may be granted under section 1983, and the claim is DISMISSED WITHOUT PREJUDICE.

To any extent plaintiff intended to raise a section 1983 claim for monetary damages against a Harris County official or employee in his official capacity (Docket Entry No. 8, p. 4, "I am suing the U.S. government or a federal agency or official in thier [*sic*] official capacities[.]"), no separate cause of action is raised. When a government official is sued as a defendant in his official capacity, and the governmental entity is also sued, "[t]he official capacity claims and the claims against the governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). Fifth Circuit Court of Appeals precedent supports dismissing official capacity claims as redundant when the governmental entity itself is also named as a defendant. *See Marceaux v. Lafayette City-Parish Consolidated Government*, 614 F. App'x 705, 706 (5th Cir. 2015).

Here, plaintiff sued Harris County as a defendant. Any intended claims against Harris County officials or employees in their official capacity are DISMISSED WITHOUT PREJUDICE for failure to state a colorable claim upon which relief may be granted under section 1983.

*U.S. Marshal Headquarters*

Plaintiff names as his remaining defendant "U.S. Marshals Headquarters" in Arlington, Virginia. "U.S. Marshals Headquarters" is not a government agency that is subject to suit; the correct name of the federal agency is the U.S. Marshals Service ("USMS"). However, to the extent plaintiff seeks monetary damages against the USMS under section 1983 for its alleged use of excessive force in violation of the federal

constitution, the federal agency is entitled to sovereign immunity. "[T]he United States has not consented to suit under the civil rights statutes." *Unimex, Inc. v. U.S. Dept. of Housing and Urban Development*, 594 F.2d 1060, 1061 (5th Cir. 1979). *See also FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding that sovereign immunity precludes a direct cause of action for damages against a federal agency).

Consequently, plaintiff's claim against the U.S. Marshals Service is DISMISSED WITHOUT PREJUDICE as barred by sovereign immunity.

*Bivens Claim*

To any extent plaintiff is attempting to raise a section 1983 claim against one or more employees of the USMS, his claim for damages for constitutional violations would arise under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials under section 1983.

However, plaintiff here has not raised a viable *Bivens* claim, as he did not name any individual defendants or designate any "John Doe" defendants. Moreover, he filed this lawsuit three days before limitations expired under Texas law, and limitations has expired as to any potential *Bivens* defendants. This would remain true even had plaintiff designated one or more "John Doe" defendants. The Fifth Circuit has made clear that an amendment to substitute a named party for a Doe defendant does not relate back under Rule 15(c) because use of a John Doe designation is the result of lack of knowledge

5

rather than a mistake.  *See Jacobsen v. Osborne*, 133 F. 3d 315, 320–22 (5th Cir. 1998); *see also Whitt v. Stephens County*, 529 F.3d 278, 282–83 (5th Cir. 2008).  Thus, at this point in time, plaintiff has not raised a viable claim for relief under *Bivens*.

Moreover, had plaintiff raised a viable *Bivens* claim, it would be subject to dismissal for improper venue.  Venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b).  *See Stafford v. Briggs*, 444 U.S. 527, 542–45 (1980).  Section 1391(b) permits venue only in the judicial district where any defendant resides, if all the defendants reside in the same State, or where a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be found, if there is no district where the action may otherwise be brought.  The events giving rise to plaintiff's potential *Bivens* claim occurred in Atlanta, Georgia, and venue would be improper in Texas.

Plaintiff's claim is DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim for relief predicated on failure to name a *Bivens* defendant.

## *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE.  Any and all pending motions are DENIED AS MOOT.  This dismissal constitutes a "strike" for purposes of section 1915(g).[2]

---

[2]This dismissal constitutes plaintiff's second strike.  *See Gaskin v. Harris County Jail*, C.A. No. H-20-0197 (S.D. Tex. Feb. 25, 2020).  Should plaintiff acquire a third strike in a federal district court or court of appeals, he will be barred from proceeding *in forma pauperis* in any future federal lawsuits or appeals under the limitations imposed by section 1915(g).

The Clerk is to provide a copy of this order to plaintiff; to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on May 18, 2020.

_____
Gray H. Miller
Senior United States District Judge